# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN SHERMAN SEALS, JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-CV-100 JED-FHM |
| | ) Base Case |
| DAVID PARKER, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Glenn Sherman Seals' consolidated 28 U.S.C. § 2241 habeas corpus action (Doc. 1 in Case No. 19-CV-100; Doc. 1 in Case No. 19-CV-200).[1] Also before the Court is his motion to proceed *in forma pauperis* (Doc. 2). Seals contends his pretrial detention is unlawful because the state court granted multiple continuances. (Doc. 1-1 at 2; Doc. 1-2 at. 6). He also challenges the State's evidence, the manner of his arrest, and certain motions filed by the Public Defender. (Doc. 1-1 at 6-8; Doc. 1-2 at 6-7). For the reasons below, the Court will require Seals to show cause why both petitions should not be dismissed for failure to exhaust state remedies.

**I. Background**

Seals was charged with kidnapping (OKLA. STAT. tit. 21, § 741), sexual battery (OKLA. STAT. tit. 21, § 1123(B)) and lewd proposition of a minor (OKLA. STAT. tit. 21, § 1123(a)) in November of 2018. (Doc. 1-1 at 6). The state court held a preliminary hearing and fixed a bond of $64,250. (Tulsa County Court Case CF-2018-5205).[2] Seals could not post bond and was

---

[1] Hereinafter, the Court will cite the first habeas petition, Doc. 1 in Case No. 19-CV-100, as "**Doc. 1-1**" and the second habeas petition, Doc. 1 in Case No. 19-CV-200, as "**Doc. 1-2**." All other record citations will refer to the Base Case, 19-CV-100.

[2] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-

remanded to custody. *Id.* Seals was scheduled to appear for an unspecified hearing in January 2019. (Doc. 1-1 at 2). However, the state court continued the hearing to allow the Public Defender to file a motion addressing competency. (Tulsa County Court Case CF-2018-5205). The state docket reflects that the competency proceedings are ongoing. (*Id.*)

Seals filed the first § 2241 petition (Doc. 1-1) in this Court on February 22, 2019. Three days later, Seals filed a second § 2241 Petition (Doc. 1-2) in the United States District Court for the Western District of Oklahoma (Western District). By an Order entered April 12, 2019, the Western District transferred the second Petition to this Court. (Doc. 5 in 19-CV-200). The Court consolidated the habeas actions pursuant to Fed. R. Civ. P. 42(a). (Doc. 3 in 19-CV-100). Taken together, the Petitions raise the following grounds for relief:

> (Ground 1): Seal's pretrial detention is unlawful because the state court granted more than one continuance.
>
> (Ground 2): The manner of Seal's arrest was unconstitutional, and the arresting officers falsified evidence.
>
> (Ground 3): The Public Defender violated Seals' right to remain silent and inflicted cruel and unusual punishment on Seals by filing a motion to determine competency.
>
> (Ground 4): Tulsa County Jail officials are pressuring Seals to plead guilty by manipulating his family members.

(Doc. 1-1 at 6-8; Doc. 1-2 at 6-7).

Seals asks the Court to order his release from custody and award damages equal to $1000 for each day of incarceration beyond January 9, 2019 (the continued hearing date). (Doc. 1-1 at 8; Doc. 1-2 at 7). Seals submitted an *in forma pauperis* motion (Doc. 2) along with the Petitions, and the matter is ready for initial review.

---

filed records … concerning matters that bear directly upon the disposition of the case at hand").

## II. *In Forma Pauperis* Motion

Seals seeks to prosecute the consolidated habeas action without prepaying the $5 filing fee. *In forma pauperis* relief is available where the petitioner's statement of assets demonstrates he is unable to prepay the filing fee before commencing suit. *See* 28 U.S.C. § 1915(a). Seals' affidavit indicates he currently has no income or assets. (Doc. 2 at 1-2). The Court will therefore grant the Motion. Seals is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time.

## III. Initial Review of Petitions

The petitions are governed by Habeas Corpus Rule[3] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). "A

---

[3] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "Sua sponte consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies, procedural default, and non-retroactivity …may be may be raised by a court sua sponte… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Both Petitions reflect that Seals has not presented the federal issues to the Oklahoma Court of Criminal Appeals (OCCA). Seals checked "No" after each question relating to "Earlier Challenges of the Decision or Action." (Doc. 1-1 at 2-6; Doc. 1-2 at 2-5). These answers are consistent with the state court docket, which confirms that Seals has not filed a state habeas petition

or other interlocutory appeal. (Tulsa County Court Case CF-2018-5205).

The available corrective state process also appears sufficient in this case. OKLA. CT. CRIM. APP. R. 10.1 provides that the OCCA may entertain writs of habeas corpus arising out of criminal matters "if petitioner has been denied relief in the District Court." OKLA. STAT. tit. 22, § 1079 further provides that pretrial detainees may challenges matters relating to bail "by habeas corpus proceedings before the appellate court…."[4] Seals may also invoke the general state habeas statute (OKLA. STAT. tit. 12, § 1331), which is available to "every person restrained of his liberty." To the extent Seals challenges the sufficiency of the evidence or believes his counsel is ineffective, the proper corrective avenue is a direct appeal. *See Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) ("[H]abeas corpus is … not a substitute for ordinary error correction through appeal."). Finally, any claim relating to his conditions of confinement or for money damages must be raised in a 42 U.S.C. § 1983 civil rights action. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of … confinement and seeks the remedy of immediate release …. In contrast, a civil rights action … pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation ….")

Accepting Seals' allegations as true, it does not appear he is eligible for federal habeas review. The Court will therefore require Seals to show cause why the consolidated § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Seals is warned that even if he overcomes the exhaustion requirement, this habeas proceeding will be limited to whether his

---

[4] The language of Section 1079 refers to "bail on appeal." However, the applicable rules of criminal procedure state Section 1079 also governs bail pending trial. *See* Okla. Ct. Crim. App. R. 1.2 ("*Bail Pending Trial or Appeal.* Excessive bail or denial of bail is governed by habeas corpus proceedings pursuant to Section 1079 of Title 22 and Section X of these Rules.") (Italicized title in original).

pretrial confinement violates federal law. *See* 28 U.S.C. § 2241; *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). This Court cannot interfere with the ongoing state criminal proceeding, nor will it award money damages in this proceeding based on any alleged civil rights violation. *See Younger v. Harris*, 401 U.S. 37 (1971); *Rhodes*, 12 F.3d at 991.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The motion to proceed *in forma pauperis* (Doc. 2) is **granted**.

2. No later than **May 31, 2019**, Seals must show cause in writing why his consolidated § 2241 habeas action should not be summarily dismissed under Habeas Corpus Rule 4 for failure to exhaust state remedies. If Seals concedes the point or otherwise declines to timely respond, the Court will dismiss the petition without prejudice to refiling after he exhausts state remedies.

ORDERED this 1st day of May, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT